IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COREY R. PITTMAN,

                      Plaintiff,

  v.

GARY NAPRALLA, DUSTIN KINGSLAND,
PAGE PALMER, ADAM JORDAN, and
RICKY SEABUL,

                      Defendants.

OPINION & ORDER

15-cv-21-jdp

---

      I granted pro se plaintiff Corey Pittman leave to proceed with Eighth Amendment claims against defendants Gary Napralla, Dustin Kingsland, Page Palmer, Adam Jordan, and Dr. Ricky Seabul. Dkt. 8. Plaintiff alleges that on several occasions, some of the defendants failed to respond after plaintiff fell and injured himself. Plaintiff also alleges that other defendants failed to provide adequate medical care or comply with plaintiff's medical authorization for additional bedding supplies. Dkt. 8. All but one of the defendants have now moved for summary judgment, contending that plaintiff failed to exhaust his administrative remedies for the claims that he is asserting against them. Dkt. 18. Plaintiff does not dispute that he failed to adhere to the administrative requirements for filing some of his inmate grievances. Thus, I will grant defendants' motion and dismiss plaintiff's claims against Kingsland, Palmer, Jordan, and Seabul. This case will continue with only plaintiff's claims against Napralla.

FACTS

The screening order describes the factual background of this case. Dkt. 8. But I will provide a brief summary below. This summary is based on the allegations in plaintiff's complaint, which I accept as true at this point in the case because we have not yet reached the merits of plaintiff's claims. I will also recount plaintiff's efforts to exhaust his administrative remedies through the Inmate Complaint Review System (ICRS). Based on the affidavits and grievance materials that the parties have submitted, I conclude that the facts relating to plaintiff's use of the ICRS are undisputed.

Plaintiff is an inmate at the Columbia Correctional Institution, located in Portage, Wisconsin. On two occasions in December 2013, plaintiff slipped and fell in the shower. After each fall, plaintiff called out to prison staff—defendant Kingsland after the first fall, and defendants Palmer and Johnson after the second fall—but he did not receive an immediate response or prompt medical treatment. Medical personnel eventually saw plaintiff and gave him a "bottom bunk restriction." But Kingsland forced plaintiff to sleep on a top bunk, and plaintiff fell for a third time as he was trying to get out of the bunk. This time, plaintiff went to the hospital, where he received pain medication. When plaintiff complained to defendant Seabul that the medication was not working, Seabul did not change plaintiff's course of treatment. Plaintiff also received a medical authorization to have an extra pillow. But when plaintiff presented this authorization to defendant Napralla, Napralla denied plaintiff's request for another pillow.

Based on these allegations, I granted plaintiff leave to proceed with Eighth Amendment claims against: (1) Kingsland for failing to respond to plaintiff's fall in the shower on December 23, 2013, and for forcing plaintiff to sleep on a top bunk, which led to

2

plaintiff's fall from the bunk on December 24, 2013; (2) Palmer and Johnson for failing to adequately respond to plaintiff's fall in the shower on December 24, 2013; (3) Seabul for ignoring plaintiff's complaints about the effectiveness of his medication; and (4) Napralla for refusing plaintiff's request for a second pillow. *Id.* at 4-5. Kingsland, Palmer, Johnson, and Seabul now move for summary judgment on the claims against them, contending that plaintiff failed to exhaust his administrative remedies for these claims. Dkt. 18.

Defendants have submitted a copy of plaintiff's grievance history, Dkt. 21-1, and they have identified five grievances that are relevant to plaintiff's claims in this case. Plaintiff does not dispute that these are the only pertinent grievances. *See* Dkt. 22.

Plaintiff submitted two grievances regarding his fall in the shower on December 23: CCI-2014-659 and CCI-2014-14717. Dkt. 21-2 and Dkt. 21-6. The institution complaint examiner (ICE) received the '659 grievance on January 2, 2014. But the ICE returned the grievance to plaintiff so that he could provide written documentation of his attempts to resolve the issue with prison staff. Plaintiff resubmitted the '659 grievance a few days later—without any additional documentation—and the ICE returned it to plaintiff again. Plaintiff submitted the '659 grievance for a third time on January 9, 2014, still without any additional documentation. The ICE accepted the grievance and recommended dismissing it, which the reviewing authority did. Plaintiff did not appeal the dismissal to the Corrections Complaint Examiner (CCE). Plaintiff submitted the '14717 grievance on July 28, 2014.[1] The ICE rejected the grievance as untimely because plaintiff had filed it after the 14-day deadline for inmate grievances. Plaintiff did not appeal the rejection to the reviewing authority.

---

[1] According to the grievance, plaintiff signed it on January 1, 2014. Dkt. 21-6, at 5. Yet the ICE did not receive the grievance until July 28, 2014. Plaintiff does not explain the discrepancy, and he does not dispute when the ICE received the grievance.

3

Plaintiff did not submit any grievances directly addressing his fall in the shower on December 24. Nor did plaintiff mention this fall in his grievances regarding the fall on December 23.

Plaintiff submitted two grievances regarding his fall from the top bunk on December 24: CCI-2014-660 and CCI-2014-14716. Dkt. 21-3 and Dkt. 21-5. The ICE received the '660 grievance on January 2, 2014. But the ICE returned the grievance to plaintiff so that he could provide written documentation of his attempts to resolve the issue with prison staff. Plaintiff resubmitted the '660 grievance a few days later—without any additional documentation—and the ICE returned it to plaintiff again. Plaintiff submitted the '660 grievance for a third time on January 9, 2014, still without any additional documentation. The ICE accepted the grievance and recommended dismissing it, which the reviewing authority did. Plaintiff appealed this dismissal to the CCE on August 12, 2014. But the CCE recommended dismissing plaintiff's appeal as untimely, and the secretary adopted the CCE's decision. Plaintiff submitted the '14716 grievance on July 28, 2014.[2] The ICE rejected the grievance as untimely because plaintiff had filed it after the 14-day deadline for inmate grievances. Plaintiff appealed the rejection to the reviewing authority, who determined that the ICE had properly rejected the grievance.

Plaintiff did not submit any grievances regarding the care or medication that he received from Seabul.

Finally, plaintiff submitted one grievance regarding an extra pillow and an extra blanket: CCI-2014-1451. Dkt. 21-4. The ICE recommended affirming the grievance with the

---

[2] Again, this grievance is dated January 1, 2014. Dkt. 21-5, at 7. And again, plaintiff does not dispute that the ICE received the grievance on July 28, 2014.

4

modification that plaintiff was not entitled to an extra blanket. The reviewing authority agreed, and plaintiff received an extra pillow.

ANALYSIS

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has applied "the PLRA's exhaustion requirement . . . to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (internal citations omitted). To properly exhaust a claim, "the inmate must file a timely grievance utilizing the procedures and rules of the state's prison grievance process." *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Failure to exhaust is an affirmative defense, which defendants have the burden of proving. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

The State of Wisconsin makes administrative remedies available to inmates through the ICRS. Under this system, an inmate must file a grievance with the ICE within 14 calendar days after the occurrence giving rise to the grievance. Wis. Admin. Code DOC § 310.09(6). After the ICE reviews the grievance, he or she recommends action to a reviewing authority. *Id.* § 310.11(4), (11). The reviewing authority then makes a decision within 10 working days of receiving the recommendation. *Id.* § 310.12. Inmates unsatisfied with a

modification that plaintiff was not entitled to an extra blanket. The reviewing authority agreed, and plaintiff received an extra pillow.

ANALYSIS

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has applied "the PLRA's exhaustion requirement . . . to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (internal citations omitted). To properly exhaust a claim, "the inmate must file a timely grievance utilizing the procedures and rules of the state's prison grievance process." *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Failure to exhaust is an affirmative defense, which defendants have the burden of proving. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

The State of Wisconsin makes administrative remedies available to inmates through the ICRS. Under this system, an inmate must file a grievance with the ICE within 14 calendar days after the occurrence giving rise to the grievance. Wis. Admin. Code DOC § 310.09(6). After the ICE reviews the grievance, he or she recommends action to a reviewing authority. *Id.* § 310.11(4), (11). The reviewing authority then makes a decision within 10 working days of receiving the recommendation. *Id.* § 310.12. Inmates unsatisfied with a

reviewing authority's decision may appeal that decision to the CCE, who makes a recommendation to the office of the secretary, which ultimately accepts, rejects, or returns the recommendation to the CCE. *Id.* §§ 310.13-.14.

There is no dispute that plaintiff failed to exhaust his administrative remedies for the claims arising out of his two falls in the shower. For the fall on December 24, plaintiff did not submit any grievances. For the fall on December 23, plaintiff failed to comply with the ICE's instructions to submit documentation showing that plaintiff had tried to resolve the issue with staff, pursuant to Wis. Admin. Code DOC § 310.09(4). And when the reviewing authority eventually dismissed the '659 grievance, plaintiff did not appeal that dismissal to the CCE. But "proper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (original emphasis) (quoting *Pozo*, 286 F.3d at 1024). Because plaintiff did not complete every step of the ICRS, he cannot now litigate the issues that he identified in the '659 grievance.

Likewise, the '14717 grievance did not exhaust plaintiff's administrative remedies for claims arising out of the fall on December 23. Plaintiff did not file this grievance until well beyond the deadline for doing so. *See* Wis. Admin. Code DOC § 310.09(6). To properly exhaust an issue, an inmate must follow the administrative procedures for filing complaints, including filing those complaints within the applicable time limits. *Pozo*, 286 F.3d at 1023. Thus, when an ICE rejects an inmate complaint as untimely, that complaint does not exhaust the inmate's administrative remedies. *Clark v. Spittle*, No. 04-cv-119, 2004 WL 770967, at *1 (W.D. Wis. Apr. 6, 2004).

There is also no dispute that plaintiff failed to exhaust his administrative remedies for his fall from the top bunk on December 24. With the '660 grievance, plaintiff again went through the issue of failing to comply with the ICE's instructions to informally resolve the problems that he had identified. Thus, the reviewing authority ultimately dismissed the '660 grievance. And although plaintiff appealed that dismissal, his appeal was not timely. *See* Wis. Admin. Code DOC § 310.13(1). By the time that plaintiff filed the '14716 grievance, more than 14 days had passed since plaintiff's fall, and so the ICE rejected the grievance as untimely. For the reasons explained above, plaintiff's failure to follow the procedures for filing and pursuing his grievances through the ICRS means that he has not exhausted his administrative remedies.

As for Seabul, plaintiff does not dispute that he did not file any grievances related to the doctor's care or medication. Thus, plaintiff cannot pursue his claims against Seabul in this case.

Plaintiff acknowledges that he did not complete each step in the administrative review process. Dkt. 22. But he nevertheless argues that "the larger legal question of fact reign[s] supreme and the simple oversight should be accepted as a harmless error." *Id.* Unfortunately for plaintiff, I cannot excuse his failure to exhaust his administrative remedies just because he made an oversight or a mistake in failing to properly complete each step of the ICRS. The Seventh Circuit "has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. Whether intentionally or by mistake, plaintiff failed to follow the procedures for resolving his dispute through Wisconsin's

7

administrative process. I will therefore grant defendants' motion for summary judgment and dismiss plaintiff's claims against Kingsland, Jordan, Palmer, and Seabul. Although this dismissal will be without prejudice, it may well be too late for plaintiff to exhaust these claims and file a new lawsuit. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

ORDER

IT IS ORDERED that defendants Adam Jordan, Dustin Kingsland, Page Palmer, and Ricky Seabul's motion for summary judgment, Dkt. 18, is GRANTED. Plaintiff Corey Pittman's Eighth Amendment claims against these defendants are DISMISSED, without prejudice, for failure to exhaust administrative remedies.

Entered February 5, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge